FILED
2026 Sep-08 AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID RIDLING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01431-MHH-SGC |
| | ) | |
| B.D. WALKER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 2241, *pro se* petitioner David Ridling seeks a writ of habeas corpus concerning BOP's calculation of his sentence credits. (Docs. 1, 7). On July 29, 2026, Judge Cornelius, the magistrate judge assigned to this case, issued a report in which she recommended that the Court dismiss Mr. Ridling's petition because the petition is moot. (Doc. 14). Mr. Ridling objects to the recommendation, (Doc. 18), and he has asked for permission to amend his petition, (Doc. 17).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court reviews for plain error proposed factual findings to which

no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

In his July 2026 petition, Mr. Ridling challenged Federal Bureau of Prisons' calculation of his sentence credits under the First Step Act and the Second Chance Act. (Docs. 1, 7). Mr. Ridling asked the Court to order the BOP to recalculate his sentence credits and argued that, under a correct calculation, he would have been released to a Residential Reentry Center in January 2024. (Doc. 1, p. 6). Mr. Ridling was transferred to an RRC in November 2025. Magistrate Judge Cornelius concluded that the transfer rendered Mr. Ridling's request for placement in an RRC moot. (Doc. 14, pp. 3–6).

Mr. Ridling acknowledges that his request for placement in an RRC is moot, (Doc. 17, p. 1; Doc. 18, p. 3), but he asks the Court to order the BOP to correctly calculate his FSA/SCA credits because he believes that he is entitled to additional credits. (Doc. 18, pp. 7–9). As Judge Cornelius noted, under 18 U.S.C. § 3624(g)(3), Mr. Ridling may accrue up to 365 days of credit toward supervised release. (*See*

Doc. 6, p. 6). Additional credits may be used toward pre-release placement. 18 U.S.C. § 3624(g)(3), (c)(1). The BOP has applied 365 days of credit toward Mr. Ridling's supervised release, (Doc. 12, p. 7), and Mr. Ridling is in pre-release custody in home confinement, (Doc. 18, p. 2). Therefore, there is no additional relief this Court can provide to Mr. Ridling. Consequently, Mr. Ridling's request is moot.[1]

Mr. Ridling complains that his conditions of home confinement -- electronic monitoring, mandatory call-ins, and destination verification -- are too burdensome. (Doc. 17, p. 8). Mr. Ridling argues that he should be subject to less restrictive conditions of home confinement because he has complied with pre-release conditions since November 2025. (Doc. 18, pp. 4–5). Mr. Ridling points to 18 U.S.C. § 3624(g)(4) which provides that the BOP "shall, to the extent practicable, provide that increasingly less restrictive conditions shall be imposed on prisoners who demonstrate continued compliance with the conditions of such prerelease custody."

[1] Mr. Ridling does not dispute that his sentence initially ended on September 21, 2028, but application of FSA credits moved his release date to September 21, 2027. (Doc. 17, p. 8; Doc. 18, p. 2). Indeed, he states that he "accepts that the 365-day maximum has been reached, and that its application moved his [supervised] release date from September 21, 2028 to September 21, 2027." (Doc. 18, p. 2). Elsewhere, he contends his supervised release date should begin sooner. (Doc. 18, pp. 6–7). Mr. Ridling offers no support for this assertion other than his own conclusory statements.

Mr. Ridling's habeas petition does not include a claim concerning the restrictions on his home confinement. (Doc. 1). On December 9, 2025, Magistrate Judge Cornelius advised Mr. Ridling that the Court would consider only the claims in his initial petition. (Doc. 8, p. 1). Mr. Ridling has moved for leave to amend his petition. (Doc. 17). Mr. Ridling has not provided a persuasive reason to permit him to amend his habeas petition.

"[H]ome confinement is committed to the BOP's discretion." *Sills v. FCI Talladega Warden*, 2023 WL 1775725, at *5 (11th Cir. Feb. 6, 2023) (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). The BOP's designation of the place of confinement "is not reviewable by any court." 18 U.S.C. §§ 3621(b), 3624(c)(2). Mr. Ridling offers no authority for this Court's review of the conditions under which he is confined. If a district court cannot review the BOP's decision to place a prisoner in home confinement or the location of that confinement, it follows that a district court may not dictate the restrictions under which a prisoner is assigned to home confinement. Thus, allowing Mr. Ridling to amend his complaint would be futile. *See Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) ("[A] motion to amend may be denied on numerous

grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.") (internal quotation marks and citation omitted).

After consideration of the record in this case, the Court adopts Magistrate Judge Cornelius's report and accepts her recommendation. By separate order, the Court will deny Mr. Ridling's request for habeas relief and dismiss this action without prejudice. Mr. Ridling's motion for expedited consideration of his objections and motion for leave to amend are moot. The Clerk of Court shall please TERM Docs. 14, 15, and 16.

**DONE** and **ORDERED** this September 8, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE